**From: The District Court of the 8th Judicial District.
County of Cascade.**

**STATE OF MONTANA,**
    **Plaintiff,**                            **No. ADC-02-031(b)**
**vs.**                                      **Decision**
**JEFFREY T. MARTINSON,**
    **Defendant.**

On July 10, 2002, the defendant was sentenced to the following: Count I: Defendant is sentenced as a Persistent Felony Offender to thirty (30) years in the Montana State Prison, with ten (10) years suspended, for the offense of Negligent Homicide, a felony. The defendant is not eligible for parole. Count II: One (1) year in the Cascade County Detention Center for the offense of Negligent Vehicular Assault, a misdemeanor; and Count III: Six (6) months in

the Cascade County Detention Center for the offense of Driving Under the Influence, a misdemeanor.

On November 14, 2002, the defendant's application for review of that sentence was heard by the Sentence Review Division of the Montana Supreme Court.

The defendant was present and was represented by Kenneth Olson. The state was represented by John Parker.

Before hearing the application, the defendant was advised that the Sentence Review Division has the authority not only to reduce the sentence or affirm it, but also increase it. The defendant was further advised that there is no appeal from a decision of the Sentence Review Division. The defendant acknowledged that he understood this and stated that he wished to proceed.

Rule 17 of the Rules of the Sentence Review Division of the Supreme Court of Montana provides that "the sentence imposed by the District Court is presumed correct, and the sentence will not be reduced or increased unless it is deemed clearly inadequate or excessive." (§46-18-904(3), MCA).

The Division finds that the reasons advanced for modification are insufficient to hold that the sentence imposed by the District Court is inadequate or excessive.

In this case, the defendant's criminal history and his inability to comply with previously imposed suspended sentences clearly reflects that he is a danger, and that the interest of public safety requires long-term incarceration.

Therefore, it is the unanimous decision of the Sentence Review Division that the sentence shall be affirmed.

Done in open Court this 14th day of November, 2002.

DATED this 11th day of December, 2002.

Chairman, Hon. David Cybulski; Member, Hon. Katherine R. Curtis and Member, Hon. Marc Buyske.